UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX KIRK HARKRIDER,<br><br>Defendant. | Case No. 21-cr-117-RCL |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM
REGARDING ACCEPTANCE OF RESPONSIBILITY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in connection with the above-captioned matter. For the reasons set forth herein, the government requests that this Court calculate the defendant's sentencing guidelines with a two-level reduction for acceptance of responsibility pursuant to USSG §3E1.1(a). Because the parties did not reach agreement on the Statement of Facts and Elements for Stipulated Trial until the afternoon of January 29, 2024—the business day before trial—the government has not and will not move for an additional one-level reduction pursuant to USSG §3E1.1(b). Defendant Alex Harkrider's "insist[ence] that he be given three points off, not just two" for acceptance of responsibility (ECF 310 at 2), should, therefore, be denied.

**I.    Relevant Background**

Defendant Alex Harkrider and his codefendant, Ryan Nichols, were charged by complaint on January 17, 2021, and indicted by the grand jury on February 12, 2021. (ECF Nos. 1 & 9). The grand jury returned a superseding indictment on November 10, 2021. (ECF 59).

Trial was scheduled and continued numerous times. Trial was first set for July 25, 2022. (ECF 78). Two months later, Defendants orally requested a continuance in the trial date and the

1

trial was rescheduled for November 1, 2022. (ECF 86). However, in August 2022, at the request of Defendant Nichols, the Court vacated the trial date. (Minute Entry Aug. 23, 2022). The parties met and conferred regarding a mutually agreeable trial date, and trial was scheduled for March 27, 2023. (Minute Order Jan. 20, 2023). However, due to multiple requests for adjournment from defense counsel due to medical issues, the March 27, 2023, trial date was continued and rescheduled for November 8, 2023. (Minute Entry May 10, 2023).

The government made plea offers to both defendants in June of 2021, both of which were rejected. On September 27, 2023, the government again made plea offers to both defendants. Defendant Nichols accepted his offer on October 2, 2023, and pled guilty on November 7, 2023. (*See* ECF 279 & Minute Entry Nov. 7, 2023). Defendant Harkrider rejected the plea offer and the government began preparing for trial.

In October 2023, the government and defense counsel began discussions regarding resolution of the case through a stipulated trial. The Court then granted the defendant's opposed motion to continue, and rescheduled the trial for January 2, 2024. (*See* ECF Nos. 268, 271, Minute Entry Nov. 8, 2023).[1]

In the weeks leading up to trial, the parties engaged in extensive but ultimately unsuccessful plea negotiations, and had extensive discussions about the nature of a potential bench trial—whether the defendant would stipulate to facts sufficient to convict him on all counts or only certain counts (i.e., a fully stipulated trial or a traditional bench trial on the Obstruction of an Official Proceeding count and a stipulated trial on the remaining counts). The parties also discussed whether

---

[1] On December 14, 2023, Harkrider again moved to continue this fifth trial date; the government again objected. (ECF Nos. 285; 286; 287). On December 21, 2023, the Court held the Pretrial Conference and ruled on pending motions, including denial of the pending motion to continue. (Minute Entry Dec. 21, 2023).

and under what circumstances the defendant would be entitled to a reduction under the sentencing guidelines for acceptance of responsibility. Ultimately the parties did reach an agreement on a set of stipulated facts that addressed each element of each of the charged offenses, but not until the afternoon of December 29, 2023—the Friday before a holiday weekend and the last business day before trial."[2]

On January 2, 2024, the Court held a stipulated bench trial. However, despite stipulating that a conviction under 18 U.S.C. § 1512(c)(2) requires proof that the defendant acted "corruptly" and admitting that Harkrider's "conduct falls within the current interpretation of *Fischer*," (ECF 291 at 3, 29), defense counsel argued at trial that Harkrider did not act "corruptly" and thus should not be found guilty of Obstruction. Defense counsel also offered exhibits, some of which were admitted over the government's objections. Ultimately, however, the Court found Harkrider guilty on all counts. (Minute Entry Jan. 2, 2024).

The Presentence Investigation Report issued on March 29, 2024, did not apply an adjustment for acceptance of responsibility. The government subsequently notified Probation that, subject to Harkrider's continued acceptance of all of the facts stated in the agreed upon Statement of Facts and Elements for Stipulated Trial, the government agreed he should be awarded the two-point reduction for acceptance of responsibility. The final Presentence Investigation Report issued on May 1, 2024, thus reflects the two-point reduction for acceptance of responsibility. PSR ¶ 51. The PSR calculates the total offense level in the case, including the two-point reduction for acceptance of responsibility, to be 15. PSR ¶ 94.

---

[2] Despite reaching agreement on set of stipulated facts, the parties continued to negotiate throughout New Year's Eve and New Year's Day regarding how to present the stipulated bench trial—whether the parties would offer any exhibits and whether they would make opening and closing statements.

At the sentencing hearing on May 9, 2024, defense counsel objected to the government not moving for the third point pursuant to §3E1.1(b). The government understands that defense counsel requests an evidentiary hearing to present testimony by defense counsel and/or the defendant that they understood the government's agreement to the two-point reduction for acceptance of responsibility pursuant to §3E1.1(a) to also include the additional point pursuant to §3E1.1(b).

## II.   Relevant Law Concerning Acceptance of Responsibility

Under the sentencing guidelines, a defendant may receive a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." USSG §3E1.1(a). In most cases, a defendant who is convicted at trial does not receive this two-level reduction. However, in "rare situations," including cases where a defendant does not contest his factual guilt and proceeds to trial solely to challenge the constitutionality or applicability of a statute, he may be entitled to the two-level reduction. *In re Sealed Case*, 350 F.3d 113, 117 (D.C. Cir. 2003). The government does not contest the application of section 3E1.1(a) in this context, as explained above.

Additionally, a defendant may receive a third-level reduction if he accepts responsibility early enough to save the government and the court the time and expense of preparing for trial. USSG §3E1.1(b). A plea on or shortly before trial does not "appreciably conserve government or court resources." *United States v. Bentley*, No. 94-3150, 1995 WL 364612 (D.C. Cir. Jun. 1, 1995); *see also* Sent. L. & Prac. § 3E1.1 (2024 ed.) ("Appellate courts have routinely upheld denials of adjustments under subsection (b) in cases of defendants who entered guilty pleas on—or several days before—the day of trial, finding such pleas to be untimely for purposes of subsection(b)(2).").

Prior to 2003, the applicability of this third-level reduction was left solely to the discretion of the court. *See* USSG §3E1.1(b) (2003). Since 2003, however, the third point can only be awarded only "upon motion of the government." *United States v. Reeves*, 586 F.3d 20, 25 (D.C.

Cir. 2009); *see United States v. Moore*, 394 F.3d 925, 929 (D.C. Cir. 2005) ("Under the 2003 amendments to the Sentencing Guidelines, the district court may still grant a two-level reduction, but the third level may be granted only 'upon motion of the government.'").[3] And "[s]o long as the government's refusal to file the required motion is not motivated by bad faith or an unconstitutional motive, the district court may not order the government to file the motion." *United States v. Wattree*, 431 F.3d 618, 623–24 (8th Cir. 2005).

### III. The Government Did Not Move for Third-Level Reduction Due to the Lateness of the Defendant's Stipulations

As set forth above, the parties did not reach an agreement on the Statement of Facts and Elements for Stipulated Trial until the afternoon of December 29, 2023—the Friday before a holiday weekend and the last business day before trial."[4] And despite reaching this agreement, the defendant's counsel openly contested his guilt at trial by arguing that he did not act corruptly as required under the Obstruction statute.

The Statement of Facts and Elements for Stipulated Trial and the Agreement and Waiver of Jury Trial Rights do not address acceptance of responsibility or the application of §3E1.1. Despite what the government views as questionable adherence to the stipulations by counsel at

---

[3] Even after the government moves for the third point, the court must still exercise its discretion and either grant or deny the motion. *United States v. Vargas*, 961 F.3d 566, 580 (2d Cir. 2020) ("Accordingly, we hold that although the government's motion is a necessary prerequisite for the application of the one-level reduction under § 3E1.1(b), such a motion is not sufficient to require the court to grant that reduction. Instead, it triggers the district court's responsibility to assess whether the defendant's notification that she intended to plead guilty was sufficiently timely to allow the government and the district court to efficiently allocate their resources. The district court is authorized to deny the government's motion if it determines that those conditions are not satisfied.").

[4] Despite reaching agreement on set of stipulated facts, the parties continued to negotiate throughout New Year's Eve and New Year's Day regarding how to present the stipulated bench trial—whether the parties would offer any exhibits and whether they would make opening and closing statements.

trial, the government agrees that Harkrider is entitled to a two-level reduction for acceptance of responsibility pursuant to §3E1.1(a) based on his agreement to the Statement of Facts and Elements for Stipulated Trial.

Although the defense claims that it believed that the government intended to move for the third point based on emails exchanged during negotiation of the Statement of Facts and Elements for Stipulated Trial, the government's communications were intended to be a discussion of the application of §3E1.1(a) only. Although it is common for the government to move for the third point in stipulated trials where agreement has been reached well in advance of trial, saving the government and court the resources necessary to prepare for trial, the discussions in this case were taking place on the eve of trial. Thus, although the stipulated trial was completed quickly, the defendant did not "notif[y] authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." USSG §3E1.1, cmt. 6. The government did not therefore move for a one-level reduction under §3E1.1(b) in this case, notwithstanding any misunderstanding by the defendant and/or his attorneys.

**IV.   An Evidentiary Hearing Is Unnecessary**

As set forth above, the government has not and will not move for the third-level reduction because the defendant did not stipulate to all of the necessary facts until the actual eve of trial. Accordingly, the government cannot be required to move for the third-point. *Wattree*, 431 F.3d at 624. Should the defendant attempt to show an agreement concerning the third point, he would fail at the first step: establishing a meeting of the minds[5]. Rather, the only thing that could be

---

[5] The government does not dispute that defense counsel and the government had exchanged emails and phone calls regarding acceptance of responsibility. But contrary to counsel's assertions, no agreement—written or otherwise—regarding §3E1.1(b) had been reached.

6

established at an evidentiary hearing is that the defendant was represented by an experienced and knowledgeable local attorney who knows the importance of written agreements, and that the defendant expressly refused to enter into a written plea agreement, which would have addressed the third point. *Compare*, Dtk 279 at 3 (Plea Agreement of Co-Defendant Ryan Nichols specifying that "the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently") *with United States v. Willie Hill*, 1:22-cr-145 (JDB), Dkt. 78 (plea agreement specifying "Pursuant to U.S.S.G. § 3E1.1(b), your client further understands that he is not entitled to an additional one level reduction, and understands that the Government will oppose any such reduction, because your client did not timely notify the Government of his intention to plead guilty, which caused the Government to engage in substantial trial preparation in this case."). Moreover, even if one were to assume a genuine ambiguity over what was and was not promised during good-faith negotiations—a suspect assumption given the exchanges—that dispute cannot implicate bad faith. *See United States v. Jordan*, 877 F.3d 391, 395 (8th Cir. 2017) (listing cases on entitlement to the third-level reduction). In other words, even if the Court had a hearing, and accepted opposing counsel's account, the defendant would *still* not be entitled to the government's third point reduction.

7

## V. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court calculate the defendant's sentencing guideline with only a two-level reduction for acceptance of responsibility, and proceed to sentence him accordingly.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:    /s/ Douglas B. Brasher
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, TX 75242
douglas.brasher@usdoj.gov

SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
601 D Street, NW
Washington, DC 20530
sarah.wilsonrocha@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov